Ex parte VIRGIL CLEVENGER.

No. A-4383.   Opinion Filed Aug. 22, 1922.
(208 Pac. 232.)

Virgil Clevenger was confined to jail on a charge of murder, and he brings habeas corpus to be admitted to bail. Writ denied, and bail refused.

Joe M. Adams, for petitioner.

George F. Short, Atty. Gen., and R. E. Wood, Asst. Atty. Gen., for the State.

PER CURIAM.   In this proceeding Virgil Clevenger, by his attorney, filed in this court on June 23, 1922, a petition wherein it is alleged that he is unlawfully restrained of his liberty and imprisonment in the county jail of Pottawatomie county, by Grover Butler, sheriff of said county, under and by virtue of a commitment issued by a committing magistrate upon a preliminary examination, wherein petitioner was charged with the murder of one John Dunn, and that his illegal detention consists in this, to wit:   That on the evidence introduced on the preliminary examination the proof of his guilt is not evident, nor the presumption thereof great.

A transcript of the testimony taken upon the preliminary examinations is annexed to and made a part of his petition. The defendant did not take the witness stand in his own behalf.   The settled rule of this court is that, upon an applica-

tion for bail by writ of habeas corpus, after commitment for a capital offense, the burden is upon the petitioner to show facts sufficient to entitle him to bail, and if, upon a consideration of all the evidence introduced on the application for bail, the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt of a capital offense, bail will be refused. Under this rule, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, bail will be refused, where the defendant does not take the witness stand on the preliminary examination, and does not elect to testify in support of his application for bail.

Upon a consideration of all the evidence presented in support of the application in this case, we are of opinion that the petitioner is not entitled as a matter of right to be admitted to bail. It is therefore considered and adjudged that the writ be denied, and bail refused.